OPINION
Defendant-Appellant Ronald Patton appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of attempted murder in violation of R.C. 2923.02. Plaintiff-Appellee is the State of Ohio.
 Statement of the Facts and Case
On the night of August 15, 1995, Todd Conrad was walking home from a neighbors house when he heard a car engine idling near the end of his neighbors driveway, in a spot hidden from the road by trees, weeds, and a guard rail. There was a full moon that night, and additional light from a near by store served to illuminate the area so that he could make out a mid-sized silver or grey car which he described as "foreign looking".
Along the side of the road in a patch of weeds, near the passenger side of the car, Conrad saw a man swearing under his breath and kicking something in the weeds. Conrad described the man as wearing a light tank top, being about six feet in height, and having a dark complexion. According to Conrad, the man appeared to be very angry. Conrad described the kicking sounds as similar to a man kicking a roll of carpet.
Conrad then saw the man walk to the drivers side of the car, open the door, and return to the weeds. The man then squatted and acted as if he was stabbing something in the weeds three or four time. The man then got in the car, backed out of the driveway, and drove away.
Conrad approached the weeds and saw the naked body of a woman covered in blood. The woman was later identified as Susan Blair. Conrad called the police and gave statements to the reporting officers.
When the officers arrived they found the woman in a semi-sitting position, naked, and unconscious. They recovered a Chicago Bulls baseball cap and a white canvas belt from the crime scene.
Susan Blair was transported to the hospital and placed in critical condition. She had been stabbed and had abrasions on both sides of her neck. The physicians who treated her indicated that she was probably hit with great force in the head and strangled. She remained in a coma for two weeks after the attack. After spending a month in the hospital, she was moved to a nursing home to continue her recovery. Ms. Blair indicated that she was extremely inebriated the night of the incident and could remember very little.
In October of 1995, Detective Goe received a telephone call from the wife of the appellant, one Regina Patton. She indicated that the appellant had attacked Ms. Blair. Ms. Patton allowed officers to recover the clothing appellant was wearing that night, including a light tank top. Furthermore, they were given permission to search the car appellant was driving that night, a grey 1995 Nissan Maxima.
Appellant was questioned by police and agreed to waive his rights and give a statement, but he indicated that he did not want the statement recorded. Appellant told the officers that he was driving along Lincolnway Avenue, where he noticed a woman standing in the street. Appellant said that he took the woman to buy cigarettes and then dropped her off where he had originally found her. When questioned about the Chicago Bulls baseball cap, appellant indicated that it was his. According to appellant, the woman he picked up was playing with it in his car and he allowed her to take it when he dropped her off. The detectives then asked appellant about a canvas belt found at the scene, and appellant indicated that he did not have a "white canvas belt". The fact that a "white canvas belt" had been found at the scene was not released to the media, and the detectives had never told appellant that the belt was white.
Appellant also admitted telling his wife that he had beaten Ms. Blair and tried to make it look like a rape. He claimed that he was lying to his wife in order to prove that he trusted her with important information.
Appellant was tried and convicted on one count of attempted murder on April 1, 1997, in violation of R. C. 2923.02. Appellant was sentenced by the court to ten to twenty-five years imprisonment. The conviction and sentence were memorialized in a judgment entry dated April 4, 1997.
It is from this Judgment Entry that appellant prosecutes this appeal raising the following assignment of error:
 I. THE JURY VERDICT FINDING APPELLANT GUILTY OF ATTEMPT TO COMMIT AN OFFENSE (MURDER) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 I
In his assignment of error, appellant maintains the trial court erred by allowing the jury verdict to stand when it was against the manifest weight of the evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. State v. Thompkins (1997), 78 Ohio St.3d 380,387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
When applying the aforementioned standard of review to the case sub judice, upon our review of the entire record, we find the jury did not clearly lose its way so as to result in a manifest miscarriage of justice. We do not disagree with the jury's resolution of the conflicting testimony.
Appellant placed himself at the scene of the crime, confessed to his wife that he had committed it, had knowledge of the crime scene which he should not have had, was driving a car similar to the one described by the State's witness, and matches the description given by the State's witness of the man seen beating Ms. Blair. Additionally, Ms. Blair was stabbed, beaten, strangled, and left naked and unconscious in a secluded place by the side of a road at night.
Taken together, this evidence is sufficient for a jury to conclude that appellant acted in such a way as to cause the death of Ms. Blair had he been successful. The lack of physical evidence in this case, conflicting theories of the case, and Ms. Blair's inability to specifically recall the events of the night do not prohibit the jury from reasonably concluding that appellant was responsible for the injuries to Ms. Blair.
Accordingly, appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.